UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARANATHA CHRISTIAN CHURCH OF AMERICA, INC., d/b/a MARANATHA CHRISTIAN CHURCH, and IGREJA CRISTÃ MARANATA-PRESBITÉRIO ESPÍRITO SANTENSE,,<br>              Plaintiffs,<br><br>       v.<br><br>BETO MORAES, MULTICULTURAL RADIO BROADCASTING, INC., AND MULTICULTURAL RADIO BROADCASTING LICENSEE, LLC,<br>              Defendant. | CIVIL ACTION<br>NO. 1:13-cv-10280 |

**ANSWER OF DEFENDANT BETO MORAES**

Defendant Beto Moraes("Moraes") hereby answers plaintiff's complaint as follows:

1. Paragraph 1 contains contentions of law to which no response is required and defendant therefore denies the same, except to admits that plaintiffs' complaint purports to assert claims of libel, slander and negligence under Massachusetts law.

2. Denied.

3. Defendant admits that MRBI and Moraes entered into a contractual arrangement pursuant to which MRBI distributed Moraes's programming over the radio air waves of WLYN-AM, 1360 kHz, and denies the remaining allegations of paragraph 3.

4. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph

6. Admitted.

7. Defendant admits that MRBI is a corporation organized under the laws of the State of New Jersey having a principal place of business at 27 William Street, 11th Floor, New York, New York and which operates the radio station broadcasting under the call letters WLYN-AM, 1360 kHz, the offices of which are located in Woburn, Massachusetts, and denies the remaining allegations of paragraph 7.

8. Defendant admits that MRBL is a limited liability corporation organized under the laws of the State of Delaware and owner of the license granted by the Federal Communications Commission with respect to the ownership and operation of the radio station broadcasting under the call letters WLYN-AM, 1360 kHz, the offices of which are located in Woburn, Massachusetts, and denies the remaining allegations of paragraph 7.

9. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiffs' citizenship, denies that plaintiffs' purported claims against defendant are of any value, and denies the remaining allegations of paragraph 9.

10. Defendant admits that all defendant reside in this district for venue purposes, and state that the remaining allegations of paragraph 10 are contentions of law to which no response is required.

11. Defendant admits that Moraes resides in the Commonwealth, denies that he caused tortious injury by any act or omission within the Commonwealth, and state that the remaining allegations of paragraph 11 are contentions of law to which no response is required.

12. Defendant denies that MRBI caused any tortious injury by any act or omission within the Commonwealth or caused any tortious injury within the Commonwealth. Further answering paragraph 12, admits that MRBI contracted to supply services or things within the Commonwealth, admits that MRBI regularly does business in the Commonwealth and derives revenue therefrom, state the allegations concerning personal jurisdiction are contentions of law to which no response is required, and denies the remaining allegations of paragraph 12.

13. Defendant denies that MRBL caused any tortious injury by any act or omission within the Commonwealth or caused any tortious injury within the Commonwealth, denies that

MRBL contracted to supply services or things within the Commonwealth, admits that MRBL does business in the Commonwealth and derives revenue therefrom, state the allegations concerning personal jurisdiction are contentions of law to which no response is required, and denies the remaining allegations of paragraph 13.

## COUNT I

14. Defendant incorporate by reference his answers to paragraphs 1- 13 above.

15. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denied.

17. Defendant admits that on or about November 24, 2012, Moraes published an article in Portuguese on his website betomoraes.com concerning the Maranatha Church entitled "Maranatha Church Misappropriates Tithes of the Faithful," and denies the remaining allegations of paragraph 17.

18. Defendant state that the Article speaks for itself, denies that the statements contained therein are false and defamatory, and denies any remaining allegations of paragraph 18

19. Defendant admits that Moraes published the Article, and denies the remaining allegations of paragraph 19.

20. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Denied.

22. Denied.

23. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Defendant admits that Moraes did not take down or retract the Article and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26.

27. Denied.

28. Denied.

## COUNT II

29. Defendant incorporate by reference his answers to paragraphs 1- 28 above.

30. Defendant admits that MRBI and Moraes entered into a contractual arrangement pursuant to which Moraes paid MRBI to distribute Moraes's programming over the radio air waves of WLYN-AM, 1360 kHz, admits that Moraes discusses various topics during his program, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30.

31. Defendant admits that on or about November 24, 2012, Moraes made statements about the Maranatha Church during his program, denies that the statements were false and defamatory, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.

32. Defendant admits that on or about November 24, 2012, Moraes made statements about the Maranatha Church during his program, and denies the remaining allegations of paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Denied.

38. Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Defendant admits that Moraes did not retract his statements and denies the remaining allegations of paragraph 39.

40.     Denied.

41.     Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

## COUNT III

42.     Defendant incorporate by reference their answers to paragraphs 1- 41 above.

43.     Defendant admits that MRBI and its affiliates are broadcasters of Asian, Hispanic and other ethnic programming with a specific focus on serving the under-served ethnic minority audience, admits that MRBI and its affiliates market stations' radio and television airtime to producers of programs that focus on specific ethnic cultures, and advertising spots to advertisers attempting to reach ethnic minority groups in the markets serviced by the broadcast stations, and denies the remaining allegations of paragraph 43.

44.     Defendant admits that MRBI operates WLYN-AM, admits that MRBL owns the license issues by the Federal Communications Commission with respect to WLYN-AM, and denies the remaining allegations of paragraph 44.

45.     Defendant admits that pursuant to a contractual arrangement between Moraes paid MRBI, Moraes's programming was broadcast over the radio air waves of WLYN-AM, 1360 kHz, and denies the remaining allegations of paragraph 45.

46.     Defendant admits that on or about November 24, 2012, an individual who identified himself as the president of the Maranatha Christian Church sent an email to the station manager of WLYN concerning Moraes's program, admits that on or about December 12, 2012, MRBI received a letter from legal counsel to the plaintiffs concerning Moraes's programming, state that the email and the letter speak for themselves, and denies the remaining allegations of paragraph 46.

47. Defendant admits that the WLYN station manager responded by email to the letter from plaintiffs' legal counsel, state that the response email speaks for itself, and denies the remaining allegations of paragraph 47.

48. Defendant admits that the WLYN station manager responded by email to the letter from plaintiffs' legal counsel, state that the response email speaks for itself, and denies the remaining allegations of paragraph 48, including without limitation the allegation that defendant refuse to exercise any control or oversight of what its producers say "regardless of whether or not it is defamatory" or that they made such a representation.

49. Denied.

50. Denied

51. Defendant admits knowing of the contractual relationship between MRBI and Moraes, state that the terms of the contractual relationship speak for themselves, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 51.

52. Denied.

53. Denied.

54. Denied.

## COUNT IV

55. Defendant incorporate by reference his answers to paragraphs 1- 54 above.

56. Defendant admits knowing of the contractual relationship between MRBI and Moraes, state that the terms of the contractual relationship speak for themselves, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 56.

57. Denied.

58. Paragraph 58 contains contentions of law to which no response is required, but which are denied as incorrect statements of Massachusetts and federal law.

59. Denied.

60. Denied.

61. Denied.

## AFFIRMATIVE DEFENSES

1. The statements challenged by plaintiffs were a fair report of governmental proceedings and records and therefore privileged under the First Amendment to the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and the common law of Massachusetts.

2. The statements challenged by plaintiffs were true or substantially true and therefore privileged under the First Amendment to the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and the common law of Massachusetts.

3. The statements challenged by plaintiffs are not reasonably capable of the defamatory constructions alleged by the plaintiffs.

4. The defendant acted without knowledge of falsity or reckless disregard as to the truth of the challenged statements.

5. The defendant exercised reasonable care with respect to the challenged statements.

6. The challenged statements were fair comment on public figures and on matters of public concern and therefore are privileged under the First Amendment to the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and the common law of Massachusetts.

7. The challenged statements were expressions of opinion, including opinion based on disclosed facts, absolutely privileged under the First Amendment to the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and the common law of Massachusetts.

8. The challenged statements were fair comment on individuals and matters of legitimate public or general interest or concern and therefore privileged under the First

Amendment to the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and the common law of Massachusetts.

9. The challenged statements were fair comment concerning public figures and therefore are privileged under the First Amendment to the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and the common law of Massachusetts.

10. If plaintiffs were injured as alleged in the complaint, which is denied, the injuries resulted from a risk which they knowingly, willingly and voluntarily assumed.

11. Defendant' conduct was not the proximate cause of the injuries allegedly suffered by plaintiffs.

12. The plaintiffs' own conduct contributed to the damages they seek to collect herein.

13. The complaint fails to state a claim upon which relief may be granted.

WHEREFORE, defendant respectfully pray that plaintiffs' complaint be dismissed with prejudice and that he be awarded his costs and reasonable attorneys' fees.

/s/George C. Maroun Jr _____
George Charles Maroun Jr., BBO # 674213
gmaroun@marounlaw.com
Maroun & Cabelus LLC
397 Main Street
Woburn, MA 01801
(617)627-9003

Dated: April 11, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/George C. Maroun Jr_____
George C. Maroun Jr.